UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

FRANK D. CANTERINO, JR.,

                Plaintiff,

  -against-

KOPY INTERNATIONAL, LLC d/b/a SRM LEGAL,
and SAUL FRIEDMAN, individual, and
EVA FRIEDMAN, individual, and
BENJAMIN FRIEDMAN, individual, and
MORRIS FRIEDMAN, individual,

                Defendants.
-----------------------------------------------------------------X

**COMPLAINT**

**Docket No.:**

Jury Trial Demand

    FRANK D. CANTERINO, JR. ("Plaintiff"), by and through his attorneys, The Law Office of BORRELLI & ASSOCIATES, P.L.L.C., alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

### NATURE OF CASE

    1.    This is a civil action based upon violations committed by the Defendants, KOPY INTERNATIONAL, LLC d/b/a SRM LEGAL ("Kopy"), and SAUL FRIEDMAN, in his individual capacity ("Saul"), and EVA FRIEDMAN, in her individual capacity ("Eva"), and BENJAMIN FRIEDMAN, in his individual capacity ("Benjamin"), and MORRIS FRIEDMAN, in his individual capacity ("Morris") (collectively, hereinafter, "Defendants"), of Plaintiff's rights guaranteed to him by: (i) Title VII of the Civil Rights Act of 1964, as amended ("Title VII"); (ii) the New York State Human Rights Law § 290 *et seq.* ("NYSHRL"); (iii) Title 8 of the Administrative Code of the City of New York, also known as the New York City Human Rights

1

Law ("NYCHRL"); and (iv) any other cause(s) of action that can be inferred from the facts set forth herein.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all state and local law claims.

3. Venue is appropriate in this court pursuant to 28 U.S.C. § 1391(b)(ii), as all actions comprising the claims for relief occurred within this judicial district, and pursuant to 28 U.S.C. § 1391(b)(i), as one or more of the defendants resides within this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. Plaintiff filed an initial "Charge of Discrimination" against the Defendants based on religious discrimination with the Equal Employment Opportunity Commission ("EEOC"), EEOC Charge No. 520-2012-00977, on or about January 19, 2012. The EEOC issued Plaintiff a "Dismissal and Notice of Rights" for this initial charge, dated February 3, 2012. Plaintiff has filed the instant matter timely within ninety days of receiving that notice.

5. After the Defendants gained notice of Plaintiff's initial EEOC Charge, the Defendants engaged in certain acts of retaliation against Plaintiff detailed more fully below. Based on those acts of retaliation, Plaintiff filed a second "Charge of Discrimination" against the Defendants based on retaliation for asserting his rights protected under Title VII, the NYSHRL and NYCHRL with the EEOC, Charge No. 520-2012-01792, on or about March 12, 2012. The EEOC issued Plaintiff a "Notice of Right to Sue" for that second charge, dated March 30, 2012. Plaintiff has filed the instant matter timely within ninety days of receiving that notice.

## PARTIES

6. At all relevant times herein, Plaintiff, a Catholic, is a resident of the State of New York.

7. At all relevant times herein, Plaintiff is a "person" and an "employee" entitled to protection as defined by Title VII, the NYSHRL and the NYCHRL.

8. At all relevant times herein, Defendant Kopy is a New York limited liability company with its principal place of business located at 42 Broadway, New York, New York 10004.

9. At all relevant times herein, Defendants Saul, Eva, Benjamin and Morris are collectively the owners and operators of Defendant Kopy.

10. At all relevant times herein, Defendant Kopy is an "employer" that "employs" more than fifteen "employees" within the meaning of Title VII and four "employees" within the meaning of the NYSHRL and NYCHRL.

## PRELIMINARY STATEMENT

11. Plaintiff, a practicing Catholic and former employee of Defendant Kopy, a company owned and operated solely by individuals of the Jewish faith, was subjected to discrimination on the basis of his religion by the Defendants throughout the course of his employment. Specifically, Defendant Kopy, via actions taken collectively by the individually-named Defendants: passed Plaintiff over for a promotion in favor of a less qualified Jewish individual; denied Plaintiff otherwise due annual raises while providing such annual raises to their Jewish employees; denied Plaintiff religious accommodation by refusing to allow him to take off work days for the observance of Catholic holidays while allowing Jewish employees to take off for any and all Jewish holidays; and ultimately terminated Plaintiff's employment,

replacing him with a less qualified Jewish individual. Then, after Plaintiff filed his first EEOC charge described above complaining of such acts of religious discrimination, the Defendants retaliated by commencing a frivolous lawsuit against Plaintiff in the Supreme Court of the State of New York, County of New York, seeking a judgment and damages unsupported by law, and based upon facts known to the Defendants prior to Plaintiff's filing of his initial EEOC Charge.

## BACKGROUND FACTS

12. Plaintiff commenced his employment with Kopy in October 2005 at the Defendants' Manhattan office address stated above, and worked from that address throughout his employment with Kopy.

13. Plaintiff held various sales positions from the commencement of his employment until 2009, when he was named to the position of Executive Vice President of Sales and Client Services, a position that he held until the termination of his employment on January 17, 2012.

14. Kopy is wholly owned, operated, managed and controlled by the individual Defendants, to wit, Saul, his wife Eva, and their two sons Benjamin and Morris, all of whom are practicing members of the Jewish faith and all of whom are jointly responsible for implementing the discriminatory policies and practices complained of herein.

15. Throughout the course of Plaintiff's employment and continuing up until the date of his termination, the Defendants provided more favorable terms and conditions of employment to their Jewish employees than they provided to non-Jewish employees such as Plaintiff.

16. Specifically, continuing up through the end of his employment, most recently at the end of 2011, the Defendants failed to provide Plaintiff with the same yearly raises that the Defendants annually provided to their Jewish employees as a matter of course.

17. Moreover, in July 2010, even though Plaintiff expressed his interest to the Defendants in being promoted to the vacant position of Chief Executive Officer, the Defendants instead passed Plaintiff over for the position in favor of Fred Harari, a known practicing member of the Jewish faith, and an individual who was far less qualified and who possessed far less experience for the position than did Plaintiff.

18. Additionally, throughout the entire tenure of Plaintiff's employment, the Defendants allowed Jewish employees to take time off for Jewish holidays while not providing that same benefit to non-Jewish employees, such as Plaintiff, even though Plaintiff frequently requested time off for those holidays from the Defendants.

19. Lastly, in December 2011, the Defendants hired Gadi Rosenfeld, a known member of the Jewish faith, to be an "independent consultant" at Kopy for the purpose of eventually taking Plaintiff's position.

20. Although Rosenfeld was less experienced than Plaintiff, the Defendants required Plaintiff to work closely with Rosenfeld to teach him the intricacies of the position.

21. At one point in late-December 2011, Rosenfeld informed Plaintiff that the Defendants had hired him to replace Plaintiff because Rosenfeld, unlike Plaintiff, was "one of their own" and that Defendant Saul was more comfortable "working with his own kind."

22. On January 17, 2012, the Defendants terminated Plaintiff's employment and replaced him with Rosenfeld.

23. Two days later, on January 19, 2012, Plaintiff filed his initial charge of discrimination with the EEOC based on the discriminatory treatment of him detailed above, with the EEOC forwarding notice of Plaintiff's allegations to the Defendants shortly thereafter.

24. Shortly after receiving notice of Plaintiff's charge, on March 9, 2012, the Defendants retaliated by commencing a frivolous action against Plaintiff in the Supreme Court of the State of New York, County of New York, the factual allegations of which pre-dated Plaintiff's filing of his initial EEOC Charge.

25. The above mentioned litigation is currently ongoing and causing Plaintiff to incur legal fees and emotional distress.

## COUNT I AGAINST DEFENDANT KOPY

*Religious Discrimination and Retaliation under Title VII*

26. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

27. Title VII prohibits discrimination in the terms, conditions, and privileges of employment on the basis of an individual's religion and/or on the basis of an individual's practicing and observance of his/her religion, and also prohibits retaliation for an individual engaging in activity protected under Title VII.

28. Plaintiff is an employee and a qualified person within the meaning of Title VII, and is protected based on his observance and practice of Catholicism, as well as his non-observance and non-practice of Judaism.

29. As detailed above, Defendant Kopy discriminated against Plaintiff, in violation of Title VII, via the adverse employment actions detailed above due, at least in part, to Plaintiff's observance of Catholicism and non-observance of Judaism.

30. As also detailed above, Defendant Kopy retaliated against Plaintiff, via the adverse actions detailed above, in violation of Title VII, for, at least in part, Plaintiff's good faith complaints of religious discrimination to the EEOC.

31. Defendant Kopy acted intentionally and with malice and reckless indifference to Plaintiff's rights under Title VII.

## COUNT II AGAINST ALL DEFENDANTS

### *Religious Discrimination and Retaliation under the NYSHRL*

32. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

33. The NYSHRL prohibits discrimination in the terms, conditions, and privileges of employment on the basis of an individual's religion and/or on the basis of an individual's practicing and observance of his/her religion, and also prohibits retaliation for an individual engaging in activity protected under the NYSHRL.

34. Plaintiff is an employee and a qualified person within the meaning of the NYSHRL, and is protected based on his observance and practice of Catholicism, as well as his non-observance and non-practice of Judaism.

35. As detailed above, Defendant Kopy discriminated against Plaintiff, in violation of the NYSHRL, via the adverse employment actions detailed above due, at least in part, to Plaintiff's observance of Catholicism and non-observance of Judaism.

36. As also detailed above, Defendant Kopy retaliated against Plaintiff, via the adverse actions detailed above, in violation of the NYSHRL, for, at least in part, Plaintiff's good faith complaints of religious discrimination to the EEOC.

37. Defendants Saul, Eva, Benjamin and Morris aided and abetted Defendant Kopy's discriminatory and retaliatory practices and conduct.

38. The Defendants acted intentionally and with malice and reckless indifference to Plaintiff's rights under the NYSHRL.

## COUNT III AGAINST ALL DEFENDANTS

### *Religious Discrimination and Retaliation under the NYCHRL*

39. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

40. The NYCHRL prohibits discrimination in the terms, conditions, and privileges of employment on the basis of an individual's religion and/or on the basis of an individual's practicing and observance of his/her religion, and also prohibits retaliation for an individual engaging in activity protected under the NYCHRL.

41. Plaintiff is an employee and a qualified person within the meaning of the NYCHRL, and is protected based on his observance and practice of Catholicism, as well as his non-observance and non-practice of Judaism.

42. As detailed above, Defendant Kopy discriminated against Plaintiff, in violation of the NYCHRL, via the adverse employment actions detailed above due, at least in part, to Plaintiff's observance of Catholicism and non-observance of Judaism.

43. As also detailed above, Defendant Kopy retaliated against Plaintiff, via the adverse actions detailed above, in violation of the NYCHRL, for, at least in part, Plaintiff's good faith complaints of religious discrimination to the EEOC.

44. Defendants Saul, Eva, Benjamin and Morris aided and abetted Defendant Kopy's discriminatory and retaliatory practices and conduct.

45. The Defendants acted intentionally and with malice and reckless indifference to Plaintiff's rights under the NYCHRL.

## DEMAND FOR A JURY TRIAL

46. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, demands judgment against the Defendants as follows:

a. Preliminary and permanent injunctions against the Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

b. A judgment declaring that the practices complained of herein are unlawful and in violation of the aforementioned United States, New York State and New York City laws.

c. An order restraining Defendants from any retaliation against Plaintiff for participation in any form in this litigation;

d. Reinstatement, including restoration of lost fringe benefits;

e. Damages which Plaintiff has sustained as a result of the Defendants' conduct, including back pay, front pay, general and special damages for lost compensation and employee benefits he would have received but for the Defendants' conduct, for out-of-pocket losses that Plaintiff has incurred due to the Defendants' conduct, and for emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life;

f. Punitive damages to the extent authorized by law in an amount commensurate with Defendants' ability and so as to deter future unlawful conduct;

g. Awarding Plaintiff costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs;

h. Pre-judgment and post-judgment interest, as provided by law; and

i. Granting Plaintiff other and further relief as this Court finds necessary and proper.

Dated: Great Neck, New York
       April 4, 2012

                              Respectfully submitted,
                              The Law Office of
                              BORRELLI & ASSOCIATES, P.L.L.C.
                              *Attorneys for Plaintiff*
                              1010 Northern Boulevard, Suite 328
                              Great Neck, NY 11021
                              Tel. (516) 248 - 5550
                              Fax. (516) 248 – 6027

By: _____
                              ALEXANDER T. COLEMAN (AC 1717)
                              MICHAEL J. BORRELLI (MB 8533)